Joseph L. Yarborough v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-289-CR

JOSEPH L. YARBOROUGH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Upon his plea of not guilty, a jury convicted Appellant Joseph L. Yarborough of aggravated assault with a deadly weapon.  Appellant pled true to the habitual offender allegations, and the trial court sentenced him to sixty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  In four points on appeal, Appellant contends that the evidence is legally and factually insufficient to support his conviction and that he received ineffective assistance at trial.  Because we hold that the evidence is sufficient to support Appellant’s conviction and that he has not proven ineffective assistance of counsel at trial, we affirm the trial court’s judgment.

In his first two points, Appellant contends that the evidence is legally and factually insufficient to support his conviction because there is no evidence that the complainant, Bruce Jones, was struck by a bottle.  The complainant, who candidly admitted that he did not see who attacked him or remember much about it, testified that the hard item that he was hit in the head with was not a fist, that while it could have been anything, he “thought it was probably a bottle,” and that “it just felt like a bottle.”  Eyewitness R.L., who was thirteen at the time of the offense, testified that he saw either Appellant or his accomplice strike the complainant in the head with a bottle.  Officer Kirk Wisdom testified that when he arrived at the scene, Appellant and the accomplice were standing over the complainant, and Appellant held a forty-ounce beer bottle in his hand.  Appellant threw the bottle toward a nearby fence when Officer Wisdom turned on his spotlight.  Wisdom saw a lot of blood on the complainant’s face.

The accomplice, Eddie Gallagher, testified that both he and Appellant threw a bottle at the complainant.  He further testified that Appellant threw a bottle at the complainant’s head while he was lying on the ground and that the bottle “had broken towards his — you know, his face.”  He also testified that he had already pled guilty to aggravated assault with a deadly weapon for his role in the offense and had been placed on deferred adjudication community supervision.

While it is true that none of the witnesses saw blood on the bottle, there was also no evidence that the bottle was tested for the presence of blood.  Appellant was charged individually and under the law of parties.  Based on the appropriate standards of review,
(footnote: 2) we hold that the evidence is legally and factually sufficient to support Appellant’s conviction.  We overrule Appellant’s first two points.

In his third and fourth points, Appellant contends that he was denied effective assistance of counsel under the federal and state constitutions when defense counsel at trial failed to object to the prosecutor’s argument allegedly misstating the evidence and that defense counsel’s arguing part of those same alleged misstatements of evidence compounded the error.  Specifically, Appellant complains that defense counsel failed to object to these arguments:

[T]hey hit him with a bottle, both of them did.

. . . .

I don’t know if [Appellant] struck him with the bottle himself but I know for a fact that Edward Gallagher did because he said that he did so from the stand, and I know from all the evidence that the defendant here was certainly working with him, encouraging him, assisting him in the offense.

Appellant also complains that trial counsel made the following arguments:

Mr. Gallagher is the one that grabs the bottle, picks it up, he’s the one that hits the defendant — hits the victim over the head.

. . . . 

The only one that used a deadly weapon — and there was no direction, no control over him to tell him to do it, to stop him from doing it, the only one that used a deadly weapon was Mr. Gallagher.

Appellant contends that in light of the charge on the law of parties and the absence of evidence that either Appellant or Gallagher actually struck the complainant with a bottle, there is no rational basis for defense counsel to have essentially conceded Appellant’s guilt under the law of parties.  Our review of the record reveals evidence that both Appellant and Gallagher threw a bottle at Appellant’s head and that at least one of them actually hit him with a bottle.  Further, our review of defense counsel’s argument shows that he was trying to pin all the blame on Gallagher and defeat the charge on the law of parties.  Consequently, based on the applicable standard of review,
(footnote: 3) we hold that Appellant has not satisfied his burden of proving ineffective assistance of counsel at trial.  We overrule his third and fourth points.

Having overruled all of Appellant’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 8, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See
 
Jackson v. Virginia
,
 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); 
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000) (all providing the standard for legal sufficiency); 
Zuniga v. State
, 144 S.W.3d 477, 481-82, 484-87 (Tex. Crim. App. 2004); 
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997) (all providing factual sufficiency standard of review);
 Tex. Code Crim. Proc. Ann. 
art. 38.14 (Vernon 2005); 
Solomon v. State
, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001); 
Cathey v. State
, 992 S.W.2d 460, 462-63 (Tex. Crim. App. 1999), 
cert. denied
, 528 U.S. 1082 (2000); 
Hernandez v. State
, 939 S.W.2d 173, 176 (Tex. Crim. App. 1997) (all providing the standard for reviewing accomplice testimony).

3:
See Strickland v. Washington
, 466 U.S. 668, 687-90, 694, 104 S. Ct. 2052, 2064-66, 2068 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812-14 (Tex. Crim. App. 1999).